UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

---

UNITED STATES OF AMERICA,

        v.                              CR NO. 05-362M    (JMF)

PEDRO J. BINETT,

        **Defendant.**

---

### DETENTION MEMORANDUM

This matter comes before me upon the application of the United States that the defendant be detained pending trial. After a hearing, the government's motion was granted, and this memorandum is submitted to comply with the statutory obligation that "the judicial officer shall—include written findings of fact and a written statement of the reasons for the detention." 18 U.S.C. § 3142(i)(1).

### FINDINGS OF FACT

1. On December 3, 2004, at approximately 12:18 p.m., the defendant engaged in a drug transaction with an FBI cooperating witness. The transaction took place in an alley located at the northeast corner of 14th and U Streets, in Northwest Washington, D.C.

2. The cooperating individual arrived at the site of the transaction in an undercover FBI vehicle, which was equipped with audio and video recorders. The defendant entered the undercover vehicle and proceeded to provide the cooperating individual with one-quarter kilogram of suspected powder cocaine. The cooperating individual then gave the defendant $6,000 in marked bills that were

provided to the cooperating individual by the FBI. The defendant then left the undercover vehicle. The defendant is clearly identifiable in the videotape of the transaction made by the FBI, which shows hand-to-hand transfers of both the suspected drugs and the money between the defendant and the cooperating individual.

3.   Under FBI surveillance, the cooperating individual left the site of the transaction and met five to ten minutes later with Special Agent Jimmy F. Pope, Jr. The cooperating individual there provided Agent Pope with the drugs purchased from the defendant. Agent Pope first submitted the suspected drugs into evidence at FBI offices, and then sent them to DEA labs. The DEA identified the drugs as 246 grams of 55% cocaine.

## REASONS FOR DETENTION

An examination of the factors required to be considered by 18 U.S.C. section 3142(g) compels the conclusion that there is clear and convincing evidence that defendant's release on any condition or combination of conditions will not reasonably assure the safety of the community and his detention is, therefore, appropriate.

## The Statutory Standard

Defendants who are charged with an offense for which a term of imprisonment of 10 years is prescribed in the Controlled Substances Act (21 U.S.C. §§ 801 *et seq.*), the Controlled Substances Import and Export Act (21 U.S.C. §§ 951 *et seq.*), or the Maritime Drug Law Enforcement Act (46 U.S.C. §§ 1901 *et seq.*) are eligible for pretrial detention. 18 U.S.C. § 3142(f)(1)(C). If there is probable cause to believe that the defendant committed an offense for

which a maximum term of imprisonment of 10 years or more is prescribed in those three statutes, it is presumed that there is no condition or combination of conditions which will reasonably assure the appearance of the defendant and the safety of the community. 18 U.S.C. § 3142(e). In determining whether there are conditions of release that will reasonably assure the appearance of the person as required and the safety of any other person and the community, the judicial officer is to consider:

1. The nature and circumstances of the offense charged, including whether the offense is a crime of violence or involves a narcotic drug;

2. The weight of the evidence;

3. The history and characteristics of the person, including

   a. His character, physical and mental condition, family ties, employment, financial resources, length of residence in the community and community ties;

   b. Past conduct, history relating to drug or alcohol abuse;

   c. Criminal history;

   d. Record concerning appearance at court proceedings;

   e. Whether, at the time of the current offense or arrest, the person was on probation, parole, or on other release pending trial, sentencing, appeal or completion of sentence for an offense under Federal, State or local law;

4. The nature and seriousness of the danger to any person or the community that would be posed by the person's release.

18 U.S.C. § 3142.

An examination of these factors compels the conclusion that there is clear and convincing evidence that defendant's release on any condition or combination of conditions will not reasonably assure the safety of the community and his detention is, therefore, appropriate.

**The nature and circumstances of the offense charged, including whether the offense is a crime of violence or involves a narcotic drug.** The offense charged involves the sale of a large quantity of a narcotic drug. At the time of his arrest, the defendant was in possession of $10,000. A subsequent FBI search of the defendant's residence resulted in the seizure of $31,000 in cash, a solid kilogram of cocaine, smaller amounts of cocaine distributed throughout the apartment with an aggregate weight of approximately a kilogram, and numerous other items consistent with the distribution of cocaine on at least the wholesale level.

**Defendant's character, physical and mental condition, family ties, employment, financial resources, and length of residence in the community.** The defendant is a citizen of the Dominican Republic and possesses a Dominican passport. Though the government currently possesses the passport, it is likely that the defendant could reenter the Dominican Republic with some other form of identification. In addition, the defendant was ordered to be deported on March 8, 1996, but did not appear. The defendant appealed the order, but his appeal was dismissed. Therefore, any ties that the defendant currently has to Washington, D.C. are illegal, and the defendant must be considered a flight risk.

**The weight of the evidence.** The weight of the evidence is overwhelming. Every aspect of the subject transaction was video and audio recorded by the FBI. The government has also proffered evidence that the defendant participated in other FBI-monitored narcotics deals prior to the instant arrest.

**History relating to drug or alcohol abuse.** No health information is available for the defendant.

**Record concerning appearance at court proceedings and prior criminal record.** In

1994, the defendant was arrested for distribution of heroin and cocaine and sentenced to 24 months confinement and two years of supervised release. The term of supervised release closed on March 7, 1998. While there is no information regarding failure to appear at proceedings related to that case, the defendant was ordered deported in 1996 and did not appear.

**Whether on probation or parole at the time of the present offense.** The defendant was not on probation or parole at the time of the present offense. However, the defendant is currently residing illegally in this country.

## CONCLUSION

A weighing of all the pertinent facts compels the conclusion that the defendant should be detained pending trial. The legislative history of the Bail Reform Act speaks precisely of defendants such as this one and why there is a rebuttable presumption that they be detained:

> It is well known that drug trafficking is carried on to an unusual degree by persons engaged in continuing patterns of criminal activity. Persons charged with major drug felonies are often in the business of importing or distributing dangerous drugs, and thus, because of the nature of the criminal activity with which they are charged, they pose a significant risk of pretrial recidivism.

S. Rep. No. 98-225, at 20 (1983). The defendant in this case proffered nothing to rebut the presumption of his dangerousness created by the Bail Reform Act. I therefore find by clear and convincing evidence that there are no conditions or combination of conditions I could set which would reasonably assure the safety of the community. I will, therefore, order the defendant detained without bond pending trial.

                                                          _____
                                                          JOHN M. FACCIOLA
                                                          UNITED STATES MAGISTRATE JUDGE

June 29, 2005